**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CELADON GROUP, INC. SECURITIES LITIGATION | Case No. 17-cv-02828-JFK |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of October 3, 2018, the Greater Pennsylvania Carpenters' Fund and the Arkansas Teacher Retirement System (collectively, the "Institutional Investor Group" or "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, on the one hand, and Celadon Group, Inc. ("Celadon" or "the Company"), Bobby L. Peavler ("Peavler") and Paul A. Will ("Will") (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement and dismissal of the Action and the claims alleged in the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed on September 28, 2018, (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein shall have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2018 that:

1.      The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Settlement Class of: all persons and entities that purchased or otherwise acquired the publicly traded common stock of Celadon during the period from October 29, 2013 through April 13, 2018, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries; (iv) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (v) members of the immediate families of the Individual Defendants; (vi) any entity in which any Defendant has or had a controlling interest; and (vii) the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded from the Settlement Class are any Settlement Class Members who properly exclude themselves by submitting a valid and timely request for exclusion in accordance with the requirements set forth below and in the Notice.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Lead Plaintiffs are typical of the claims of the Settlement Class;

(d)      Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Institutional Investor Group is preliminarily certified as Class Representatives for the Settlement Class.  The law firm of Labaton Sucharow LLP ("Lead Counsel") is preliminarily appointed Class Counsel for the Settlement Class.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2018, at __:____ _.m. for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)      to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class;

(d)      to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)      to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)      to rule upon such other matters as the Court may deem appropriate.

6.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court

further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7.      The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8.      The Court approves the retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. Celadon, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, transfer records in electronic searchable form containing the names and addresses of purchasers of the publicly traded common stock of Celadon during the Class Period no later than five (5) business days after entry of this Preliminary Approval Order.

9.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired the publicly traded common stock of Celadon during the Class Period as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient

copies of the Notice to forward to all such beneficial owners and WITHIN SEVEN (7)

CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to

all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the

Notice, provide a list of the names and addresses of all such beneficial owners to the Claims

Administrator and the Claims Administrator is ordered to send the Notice promptly to such

identified beneficial owners.  Nominees who elect to send the Notice to their beneficial owners

SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was

made and shall retain their mailing records for use in connection with any further notices that

may be provided in the Action.  Upon full and timely compliance with these directions, such

nominees may seek reimbursement of their reasonable expenses actually incurred by providing

the Claims Administrator with proper documentation supporting the expenses for which

reimbursement is sought.

10.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof

of mailing of the Notice and Proof of Claim.

11.     The Court approves the form of the Summary Notice of Pendency of Class

Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary

Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel

shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted

over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at

or before the Settlement Hearing, file with the Court proof of publication of the Summary

Notice.

12.     The form and content of the notice program described herein, and the methods set

forth herein of notifying the Settlement Class of the Settlement and its terms and conditions,

meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of

the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and

due process, constitute the best notice practicable under the circumstances, and shall constitute

due and sufficient notice to all persons and entities entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in

the event the Settlement is effected in accordance with the terms and conditions set forth in the

Stipulation, each claimant shall take the following actions and be subject to the following

conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed

hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in

the Notice, postmarked no later than 120 calendar days after the Notice Date.  Such deadline

may be further extended by Court order or by Lead Counsel in its discretion.  Each Proof of

Claim shall be deemed to have been submitted when postmarked (if properly addressed and

mailed by first-class or overnight mail, postage prepaid).  Any Proof of Claim submitted in any

other manner shall be deemed to have been submitted when it was actually received at the

address designated in the Notice.  Any Settlement Class Member who does not timely submit a

Proof of Claim within the time provided for shall be barred from sharing in the distribution of

the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all

determinations and judgments in this Action concerning the Settlement, as provided by

paragraph 15 of this order.

(b)     The Proof of Claim submitted by each claimant must satisfy the

following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be

properly completed, signed and submitted in a timely manner in accordance with the provisions

7

of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.     Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be

8

"excluded from the Settlement Class in *In re Celadon Group, Inc. Securities Litigation,* No. 17-cv-28828-JFK (S.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Celadon  publicly traded common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Carol C. Villegas, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Mark Holland, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018; and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY 10007.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be

bound by the Judgment to be entered and the releases to be given.  Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.    Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, prosecute, assert, participate in, or maintain any action which asserts Released Claims against the Released Defendant Parties.

20.    As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $250,000 without further approval from Defendants and without further order of the Court.

21.    All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If

reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

25.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of August 9, 2018.

26.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 2018

                                         BY THE COURT:

                                         _____

                                         Honorable John F. Keenan
                                         UNITED STATES DISTRICT JUDGE

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE CELADON GROUP, INC.
SECURITIES LITIGATION

Case No. 17-cv-02828-JFK

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**If you purchased or otherwise acquired the publicly traded common stock of Celadon, Group, Inc. during the period from October 29, 2013 through April 13, 2018, inclusive (the "Class Period"), and were damaged thereby, you may be entitled to a payment from a class action settlement.**

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- This Notice is to inform you of: (i) the pendency of the above-captioned securities class action (the "Action"); (ii) the proposed settlement of the Action (the "Settlement") on the terms and conditions provided for in the Stipulation and Agreement of Settlement, dated _____ 2018 (the "Stipulation");[1] and (iii) the hearing to be held by the Court on _____, 2018 (the "Settlement Hearing").  At the Settlement Hearing, the Court will consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the net proceeds of the Settlement to eligible members of the Settlement Class (the "Plan of Allocation") should be approved; (iii) Lead Counsel's Fee and Expense Application; and (iv) certain other matters.  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Settlement Class.[2]

- If approved by the Court, the Settlement will create a $5,500,000 cash fund, plus any interest earned thereon, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs The Greater Pennsylvania Carpenters' Fund and The Arkansas Teacher Retirement System (collectively, the "Institutional Investor Group" or "Lead Plaintiffs"), which have been asserted on behalf of a proposed class against Celadon Group, Inc. ("Celadon" or "the Company"), Bobby L. Peavler and Paul A. Will (collectively, "Defendants").  It avoids the costs and risks of continuing the litigation; pays money to eligible Settlement Class Members; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

---

[1] The Stipulation can be viewed at www._____.com.

[2] All capitalized terms not otherwise defined in this Notice have the same meanings as defined in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR RECEIVED NO LATER THAN _____, 2018** | The <u>only</u> way to be eligible to receive a payment from the Net Settlement Fund. |
| **EXCLUDE YOURSELF BY SUBMITTING A WRITTEN REQUEST SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims.  If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.  *See* Question 11 below for details. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  If you object, you will still be a member of the Settlement Class.  *See* Question 15 below for details. |
| **GO TO A HEARING ON _____, 2018 AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED NO LATER THAN _____, 2018** | Ask to speak in Court about the Settlement.  If you submit an objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak in Court about your objection.  *See* Question 19 below for details. |
| **DO NOTHING** | You will not be eligible to receive a payment from the Net Settlement Fund, you will give up rights, and you will still be bound by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.      Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $5,500,000 (the "Settlement Amount") to be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according

to the Court-approved plan of allocation.  The proposed Plan of Allocation is set forth on pages __-__ below.

**Estimate of Average Amount of Recovery Per Share**

2.    Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Celadon publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, Lead Plaintiffs estimate that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.11 per allegedly damaged share.[3]  If the Court approves the maximum amount of attorneys' fees and litigation expenses that may be requested by Lead Counsel (discussed below), the average recovery would be approximately $0.07 per allegedly damaged share. **Please note, however, that these average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimated amounts.**  An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when they purchased or acquired Celadon common stock during the Class Period; and (iv) whether and when they sold Celadon common stock.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case**

3.    The Parties disagree about issues related to both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against Defendants.  The issues on which the Parties disagree include, for example: (i)

---

[3] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

whether the Individual Defendants made any statements or omitted any facts that were materially false or misleading; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii)  the temporal scope of the Class Period; (iv) the amounts by which the prices of Celadon common stock were allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of Celadon common stock during the Class Period.

4.       The Individual Defendants have denied and continue to deny any wrongdoing, deny that they have committed or caused any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions.  While Lead Plaintiffs believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery, including the financial condition of Celadon and their ability to enforce a judgment.

**Statement of Attorneys' Fees and Expenses Sought**

5.       Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest.  Lead Counsel will also apply for payment of litigation expenses incurred by Plaintiffs' Counsel in prosecuting and settling the Action in an amount not to exceed $550,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.04 per allegedly damaged share of Celadon common stock.

**Reasons for the Settlement**

6.      For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the uncertainty inherent in the Parties' competing theories of liability and damages; the risks of litigation, especially in complex actions like this; the financial condition of the Company and the risks of collecting any judgment; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

7.      For Defendants, including the Individual Defendants, who deny all allegations and claims of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, risk of further litigation and any such attendant consequences for the Company resulting therefrom. This Settlement shall not be construed as any admission or concession on the part of any Defendant of any fault, liability, wrongdoing, or damages whatsoever.

**Identification of Attorneys' Representatives**

8.      Lead Plaintiffs and the Settlement Class are represented by Lead Counsel, Carol C. Villegas, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

9.      Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: _____, (_____) ____-____, www._____com; or Lead Counsel.

**Please Do Not Call the Court with Questions About the Settlement**

[END OF PSLRA COVER PAGE]

**BASIC INFORMATION**

| **1.  Why did I get this Notice?** |
| --- |

10.     The Court authorized that this Notice be sent to you because you or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired the publicly traded common stock of Celadon during the period from October 29, 2013 through April 13, 2018, inclusive.  **Please Note: Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment from the Settlement.  If you wish to be eligible for a payment, you must submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below.**

11.     Settlement Class Members have a right to know about the proposed Settlement of this lawsuit, and about all of their options, including whether or not to object or seek exclusion, before the Court decides whether to approve the Settlement.   If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

12.     The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re Celadon Group, Inc. Securities Litigation,* Case No. 17-cv-02828-JFK.   The Action is assigned to the Honorable John F. Keenan, United States District Judge.

| **2.  What is this case about?** |
| --- |

13.     Celadon is a North American truckload freight transportation provider.   The Action arises out of Defendants' allegedly false and misleading representations that concealed Celadon's liabilities and deteriorating financial condition throughout the Class Period.   Lead Plaintiffs allege that, as a result, Celadon's publicly disseminated financial statements and statements to the market regarding its financial condition were materially false and misleading.

When the market learned about Celadon's alleged misstatements, the prices of Celadon's shares dropped substantially.

14.     The initial complaint was filed on April 19, 2017.  On August 22, 2017, the Court issued an order pursuant to the PSLRA appointing Arkansas Teacher Retirement System and Greater Pennsylvania Carpenters' Pension Fund as Lead Plaintiffs, selecting Labaton Sucharow LLP as Lead Counsel, and consolidating two cases with this Action.  On October 18, 2017, the Court deferred the filing of an amended complaint until Celadon issued its audited financial statements for 2014, 2015, 2016, and 2017.

15.     On September 28, 2018, Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 (17 C.F.R. §240.10b-5) promulgated thereunder.  In general, the Complaint alleges that Defendants violated the federal securities laws by making materially false and misleading statements and omissions concerning a variety of accounting issues that have resulted in the Company being delisted from the New York Stock Exchange and being forced to issue a forthcoming restatement of its financials for fiscal years 2014, 2015, 2016, and 2017. The Complaint further alleges that the price of Celadon common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

16.     Lead Plaintiffs, through Lead Counsel, have conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing:  (i) press releases, news articles, transcripts, and other public statements issued by or concerning Celadon, and the Individual Defendants; (ii) research reports issued by financial analysts concerning Celadon's business; (iii) reports filed

publicly by Celadon with the U.S. Securities and Exchange Commission (the "SEC"); (iv) news articles, media reports and other publications concerning the trucking industry and markets; (v) certain pleadings filed in other pending litigation naming Celadon as a defendant; (vi) other publicly available information and data concerning Celadon, its securities, and the markets therefor; and (vii) press releases, presentations, and filings with foreign regulators by Element Financial. Lead Plaintiffs, through their counsel, also conducted a rigorous investigation that included interviews of numerous former employees of Celadon on a confidential basis, and consulting with an economic expert regarding loss causation and damages and with an accounting expert concerning Celadon's compliance with relevant accounting rules.

17.    In July 2018, the Parties engaged Robert A. Meyer, Esq., a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the claims in the Action. On August 9, 2018, the Parties participated in a full-day mediation session with Mr. Meyer in an attempt to reach a settlement. In advance of the mediation, the Parties exchanged mediation statements, which addressed the issues of both liability and damages. The Parties were able to reach an agreement-in-principle to settle the Action on August 9, 2018. On October 3, 2018, the Parties executed the Stipulation, which sets forth the final terms and conditions of the Settlement.

**3.  Why is this a class action?**

18.    In a class action, one or more persons or entities (in this case, Lead Plaintiffs), sue on behalf of people and entities that have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

| 4.  What are the reasons for the Settlement? |
| --- |

19.     The Court did not finally decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement.  Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and enforcing a judgment, particularly given the Company's financial condition.  For example, the Individual Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) that they did not make false and misleading statements in violation of the Exchange Act, and that Lead Plaintiffs would not be able to establish that the Individual Defendants acted with the requisite intent, or prove damages.  In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues. There is a risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiffs and the Settlement Class or that following any such proceedings any recovery by Lead Plaintiffs and the Settlement Class would be below the Settlement Amount or could not be satisfied.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

20.     The Individual Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any Member of the Settlement Class has suffered damages; or that the price of Celadon common stock was artificially inflated by reason of the alleged misrepresentations or omissions.  In deciding to settle the Action, Defendants have concluded that continuation of the Action would be protracted, time-consuming, expensive, and create significant uncertainty with potential attendant consequences for the Company. Defendants also have taken into account the uncertainty and risks inherent in any litigation,

especially a complex case like this Action, and have determined that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions  set forth in the Stipulation.

## WHO IS IN THE SETTLEMENT

**5.  How do I know if I am part of the Settlement Class?**

21.     To be eligible for a payment from the proceeds of the Settlement, you must be a Settlement Class Member.  The Court has directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below):

*All persons and entities that purchased or otherwise acquired the publicly traded common stock of Celadon during the period from October 29, 2013 through April 13, 2018, inclusive, and were damaged thereby.*

22.     If one of your mutual funds purchased Celadon common stock during the Class Period, that alone does not make you a Settlement Class Member.  You are a Settlement Class Member only if you individually purchased or otherwise acquired Celadon publicly traded common stock during the Class Period.  Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.

**6.  Are there exceptions to being included?**

23.     Yes.   There are some individuals and entities that are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries; (iv) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (v) members of the

immediate families of the Individual Defendants; (vi) any entity in which any Defendant has or had a controlling interest; and (vii) the legal representatives, heirs, successors, and assigns of any such excluded party.  Also excluded from the Settlement Class will be any Person that timely and validly seeks exclusion in accordance with the procedures described in Question 11 below.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| **7.  What does the Settlement provide?** |
| --- |

24.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 10 below), the Defendants have agreed to cause a $5,500,000 payment to be made, which, along with any interest earned on this amount, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found by the Court to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

| **8.  How can I receive a payment?** |
| --- |

25.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  If you did not receive a Claim Form, you can obtain one from the website dedicated to the Settlement: www._____.com, or from Lead Counsel's website: www.labaton.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (____) ___-_____.

26.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the

Claims   Administrator   so   that   it   is   **postmarked   or   received   no   later   than**

_____, **2018.**

---

| 9.  When will I receive my payment? |
|---|

27.     The Court will hold a Settlement Hearing on _____, **2018** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

---

| 10.  What am I giving up to receive a payment or stay in the Settlement Class? |
|---|

28.     If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties."

(a)     **"Released Claims"** means any and all claims, demands, disputes, damages, liabilities of any kind, nature, and character whatsoever (including claims for interest, attorneys' fees, expert or consulting fees, any and all costs, expenses or liabilities whatsoever), and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), whether arising under federal, state, common or foreign law, or any other law, rule, or regulation, whether fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, whether direct, representative, class or individual in nature, that Lead Plaintiffs or any other Settlement Class Member (i) asserted in the Action; or (ii) could have asserted against any of the Released Defendant Parties in the Action or any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any

complaint in the Action and that relate to the purchase or sale of Celadon publicly traded common stock during the Class Period.  For the avoidance of doubt, Released Claims do not include (i) claims relating to the enforcement of the Settlement; (ii) any claims currently asserted in the shareholder derivative action entitled *Estrada v. Will, et al.*, Case No. CA. No. 2017-0683-AGB (Del.Ch.) (the "Delaware Derivative Action"), or the shareholder derivative actions now consolidated as *In re Celadon Group, Inc. Shareholder Derivative Action*, No. 1:18-cv-01424-TWP-DLP (S.D. Ind.) (the "Federal Derivative Action"), and *In re Celadon Group, Inc. Shareholder Derivative Litigation*, Lead Case No. 49D01-1708—CT-033115 (Sup. Ct. Marion Cnty.) (the "State Derivative Action"); or (iii) ) any governmental or regulatory agency's claims, if any, in any criminal or civil action against any of the Released Defendant Parties, or the potential to recover therefrom.

(b)    **"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past, present, or future subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

(c)    "**Unknown Claims**" means any and all Released Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor

at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

29.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.  If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

30.     Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

31.     If you do not want to be eligible to receive a payment from the Settlement and you do not want to release the Released Claims against the Released Defendant Parties, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."

| **11.  How do I exclude myself from the Settlement Class?** |
| --- |

32.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *In re Celadon Group, Inc. Securities Litigation,* Case No. 17-cv-02828-JFK."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also state: (i) the name, address, and telephone number of the person or entity requesting exclusion; (ii) the number of shares of Celadon publicly traded common stock purchased, acquired, and sold during the Class Period, as well as the date, number of shares and price per share of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion must be submitted so that it is **received no later than _____, 2018** to:

*Celadon Group, Inc. Securities Litigation*
c/o _____
P.O. Box _____
_____

**Your exclusion request must comply with these requirements in order to be valid.**

33.　　If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.  If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

| **12.  If I exclude myself, can I get money from the proposed Settlement?** |
| --- |

34.　　No.  If you exclude yourself, you are no longer a Settlement Class Member, so do not send in a Claim Form to ask for any money.

### THE LAWYERS REPRESENTING YOU

| **13.  Do I have a lawyer in this case?** |
| --- |

35.　　The Court appointed the law firm of Labaton Sucharow LLP to represent all Settlement Class Members.  These lawyers are called "Lead Counsel."  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **14.  How will the lawyers be paid?** |
| --- |

36.　　Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of its work.  Lead Counsel will apply to the Court, on behalf of itself and all other Plaintiffs' Counsel, for an award of attorneys' fees of no more than 25% of the Settlement

Fund, which will include any accrued interest.  Lead Counsel was assisted in this case by Block & Leviton LLP, as well as the Thornton Law Firm LLP and Campbell & Levine, LLC, (collectively with Lead Counsel, "Plaintiffs' Counsel"), which provided additional legal assistance to Greater Pennsylvania.  Lead Counsel has agreed to share the awarded attorneys' fees with Block, Thornton, and Campbell.  The payments to additional counsel will in no way increase the fees that are deducted from the Settlement Fund, and no other attorneys will share the awarded attorneys' fees.  Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution and settlement of the Action of no more than $550,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class.  As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

### 15.  How do I tell the Court that I do not like something about the proposed Settlement?

37.     If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application.  You may give reasons why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

38.     To object, you must send a signed letter stating that you object to the proposed Settlement in "*In re Celadon Group, Inc. Securities Litigation,* Case No. 17-cv-02828-JFK." The objection must: (i) state the name, address, and telephone number of the person or entity

objecting and must be signed by the objector; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Celadon publicly traded common stock purchased, acquired, and sold during the Class Period, as well as the date, number of shares, and price per share of each such purchase, acquisition, and sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court **no later than** _____**, 2018 and** mailed or delivered to the following counsel so that it is **received no later than** _____**, 2018:**

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **Clerk of the Court** | **Labaton Sucharow LLP** | **Goodwin Procter LLP** |
| United States District Court | Carol C. Villegas, Esq. | Mark Holland, Esq. |
| Southern District of New York | 140 Broadway | 620 Eighth Avenue |
| 500 Pearl Street | New York, NY 10005 | New York, NY 10018 |
| New York, NY 10007 | | |

39.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has not submitted a request for exclusion and who has complied with the procedures described in this Question 15 and below in Question 19 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, about their objection.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**16.  What is the difference between objecting and seeking exclusion?**

40.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

**17.  When and where will the Court decide whether to approve the proposed Settlement?**

41.     The Court will hold the Settlement Hearing on _____, 2018 at _____ _.m., in Courtroom 20C at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.

42.     At this hearing, the Court will consider, among other things, whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of litigation expenses, including those of Lead Plaintiffs, is reasonable and should be approved.

43.     You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel or visit the settlement website, www._____.com, beforehand to be sure that the hearing date and/or time has not changed.

**18.  Do I have to come to the Settlement Hearing?**

44.     No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court

will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 2018**.

| **19.  May I speak at the Settlement Hearing?** |
|---|

45.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 15), **no later than _____ __, 2018,** a statement that you, or your attorney, intend to appear in "*In re Celadon Group, Inc. Securities Litigation,* Case No. 17-cv-02828-JFK.*"*   Persons who intend to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 15 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

**IF YOU DO NOTHING**

| **20.  What happens if I do nothing at all?** |
|---|

46.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

## GETTING MORE INFORMATION

| 21.  Are there more details about the Settlement? |
| --- |

47.      This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court and other documents in the case during business hours at the Office of the Clerk of the United States District Court for the Southern District of New York at 500 Pearl Street, New York, NY.  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

48.      You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information by visiting www._____.com.  You may also call  the  Claims  Administrator  toll  free  at  (_____)  ____-_____  or  write  to  the  Claims Administrator at *Celadon Group, Inc. Securities Litigation,* c/o_____.  **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| 22.  How will my claim be calculated? |
| --- |

49.      As discussed above, the Settlement provides $5,500,000 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the Settlement Fund.  The Settlement Fund, after deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not

share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website, www._____.com.

50.     The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants.  The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

51.     The Plan of Allocation was developed in consultation with Lead Plaintiffs' consulting damages expert.  In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Celadon publicly traded common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions.  In calculating the estimated artificial inflation, Lead Plaintiffs' damages expert considered price changes in Celadon common stock in reaction to public disclosures, which allegedly corrected the Defendants' misrepresentations and omissions.

52.     In order to have recoverable damages under the federal securities laws, disclosure of an alleged misrepresentation and/or omission must be the cause of the decline in the price of the security.  Corrective information allegedly impacting the price of Celadon publicly traded

common stock (referred to as a "corrective disclosure") was released to the market on October 12, 2016 (near the start of market hours), April  5, 2017 (during market hours), May 1, 2017 (after market close), October 2, 2017 (prior to market open), April 2, 2018 (after market close), and April 13, 2018 (after market close), impacting the market price of Celadon common stock in a statistically significant manner and removing the alleged artificial inflation from Celadon common stock on October 12, 2016, April 5, 2017, May 2, 2017, October 2, 2017, April 4, 2018, and April 16, 2018.  In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Celadon publicly traded common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of at least one of the alleged corrective disclosures listed above.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS ON<br>CELADON PUBLICLY TRADED COMMON STOCK

53.     A "Recognized Loss Amount" will be calculated as set forth in this Plan for each share of Celadon publicly traded common stock purchased or otherwise acquired during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a claimant's Recognized Loss Amount results in a negative number (i.e., a gain), that number shall be set to zero.

54.     For each share of Celadon common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on July 13, 2018, an "Out of Pocket Loss" will also be calculated.  Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

55.     A claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts as calculated under the Plan.  For purposes of this Settlement only, Recognized Loss Amounts will be calculated as follows.

**For each share of Celadon common stock purchased or acquired from October 29, 2013 through and including April 13, 2018 and**:

A.  Sold before the release of corrective information on October 12, 2016 (at 10:00 EST),[4] the Recognized Loss Amount for each such share shall be zero.

B.  Sold after the release of corrective information on October 12, 2016 (at 10:00 EST), and before the close of trading on April 13, 2018, the Recognized Loss Amount for each such share shall be *the lesser of*:

  1.  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below ***minus*** the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below;[5] or

  2.  the Out of Pocket Loss.

C.  Sold after the close of trading on April 13, 2018, and before the close of trading on July 13, 2018, the Recognized Loss Amount for each such share shall be *the least of*:

  1.  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

  2.  the actual purchase/acquisition price of each such share ***minus*** the average closing price from April 16, 2018, up to the date of sale as set forth in **Table 2** below; or

  3.  the Out of Pocket Loss.

D.  Held as of the close of trading on July 13, 2018, the Recognized Loss Amount for each such share shall be *the lesser of*:

---

[4]  For purposes of this Plan, the Claims Administrator will assume that any shares purchased/acquired or sold on October 12, 2016 at any price less than $8.49 per share occurred after the corrective information was released to the market, and any shares purchased/acquired or sold on October 12, 2016 at any price equal to or greater than $8.49 per share occurred prior to the release of the corrective information.

[5]  For purposes of this Plan, the Claims Administrator will assume that any shares purchased/acquired or sold on April 5, 2017 at any price less than $6.00 per share occurred after the corrective information was released to the market, and any shares purchased/acquired or sold on April 5, 2017 at any price equal to or greater than $6.00 per share occurred prior to the release of the corrective information.

1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2. the actual purchase/acquisition price of each such share *minus* $ 2.84.[6]

## TABLE 1

**Celadon Common Stock Artificial Inflation**
**for Purposes of Calculating Purchase and Sale Inflation[7]**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| October 29, 2013 – October 12, 2016 (prior to 10:00 AM EST) | $4.22 |
| **October 12, 2016 (at or after 10:00 AM EST) – April 5, 2017 (prior to 12:27 PM EST)[8]** | **$3.46** |
| **April 5, 2017 (at or after 12:27 PM EST) – May 1, 2017** | **$2.71** |
| **May 2, 2017** | **$0.45** |
| May 3, 2017 | $0.20 |
| May 4, 2017 | $0.30 |
| May 5, 2017 – May 7, 2017 | $0.50 |
| May 8, 2017 | $0.90 |
| May 9, 2017 | $0.85 |
| May 10, 2017 | $0.90 |
| May 11, 2017 | $0.65 |

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Celadon common stock during the "90-day look-back period," April 16, 2018 through July 13, 2018. The mean (average) closing price for Celadon common stock during this 90-day look-back period was $2.84.

[7] The closing price on April 16, 2018, the first closing price after the alleged artificial inflation was removed completely from the stock, was $1.35. After the May 2, 2017 alleged corrective disclosure, $1.35 is treated as the minimum true price of the stock through the remainder of the Class Period. Therefore, artificial inflation per share after May 2, 2017 is limited to the closing price on each day minus $1.35. For purposes of this Plan of Allocation, artificial inflation per share on May 3, 2017 and May 4, 2017 will be $0.45 for sales, and Table 1 provides artificial inflation per share for purchases/acquisitions.

[8] *See* footnotes 4 and 5 above with respect to transactions on October 12, 2016 and April 5, 2017.

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| May 12, 2017 – May 14, 2017 | $0.90 |
| May 15, 2017 – May 16, 2017 | $0.70 |
| May 17, 2017 | $0.65 |
| May 18, 2017 | $0.60 |
| May 19, 2017 – May 21, 2017 | $0.95 |
| May 22, 2017 – May 23, 2017 | $0.85 |
| May 24, 2017 | $0.80 |
| May 25, 2017 – May 29, 2017 | $0.70 |
| May 30, 2017 | $0.80 |
| May 31, 2017 | $0.65 |
| June 1, 2017 | $0.75 |
| June 2, 2017 – June 4, 2017 | $0.90 |
| June 5, 2017– June 6, 2017 | $0.75 |
| June 7, 2017– June 8, 2017 | $0.80 |
| June 9, 2017– June 12, 2017 | $0.90 |
| June 13, 2017 | $1.15 |
| June 14, 2017 | $1.20 |
| June 15, 2017 | $1.40 |
| June 16, 2017– June 19, 2017 | $1.70 |
| June 20, 2017 | $1.55 |
| June 21, 2017 | $1.35 |
| June 22, 2017 | $1.55 |
| June 23, 2017 – June 25, 2017 | $1.70 |
| June 26, 2017– June 27, 2017 | $1.60 |
| June 28, 2017 | $1.55 |
| June 29, 2017 | $1.85 |
| June 30, 2017 – July 2, 2017 | $1.80 |
| July 3, 2017 – July 4, 2017 | $1.75 |
| July 5, 2017– July 6, 2017 | $1.65 |
| July 7, 2017 – July 9, 2017 | $1.45 |
| July 10, 2017 | $1.40 |
| July 11, 2017 | $1.00 |
| July 12, 2017 | $1.05 |
| July 13, 2017 | $1.00 |
| July 14, 2017 – July 16, 2017 | $1.90 |
| July 17, 2017 | $2.55 |
| July 18, 2017 | $2.60 |

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| July 19, 2017 – July 24, 2017 | $2.65 |
| July 25, 2017 | $2.80 |
| July 26, 2017 – August 17, 2017 | $2.94 |
| August 18, 2017 – August 20, 2017 | $2.80 |
| August 21, 2017 | $2.75 |
| August 22, 2017 | $2.60 |
| August 23, 2017 | $2.85 |
| August 24, 2017 – October 1, 2017 | $2.94 |
| **October 2, 2017 – April 3, 2018** | **$2.08** |
| **April 4, 2018 – April 9, 2018** | **$0.00** |
| April 10, 2018 | $0.05 |
| April 11, 2018 | $0.13 |
| April 12, 2018 | $0.14 |
| April 13, 2018 | $0.13 |

## TABLE 2

**Celadon Common Stock Closing Price and Average Closing Price
April 16, 2018 – July 13, 2018**

| Date | Closing Price | Average Closing Price between April 16, 2018 and Date Shown | | Date | Closing Price | Average Closing Price between April 16, 2018 and Date Shown |
|---|---|---|---|---|---|---|
| 4/16/2018 | $1.35 | $1.35 | | 5/31/2018 | $2.74 | $2.59 |
| 4/17/2018 | $1.47 | $1.41 | | 6/1/2018 | $2.72 | $2.59 |
| 4/18/2018 | $1.43 | $1.42 | | 6/4/2018 | $2.80 | $2.60 |
| 4/19/2018 | $1.51 | $1.44 | | 6/5/2018 | $2.88 | $2.60 |
| 4/20/2018 | $1.56 | $1.46 | | 6/6/2018 | $3.05 | $2.62 |
| 4/23/2018 | $1.94 | $1.54 | | 6/7/2018 | $3.17 | $2.63 |
| 4/24/2018 | $1.88 | $1.59 | | 6/8/2018 | $3.19 | $2.64 |
| 4/25/2018 | $2.35 | $1.69 | | 6/11/2018 | $3.18 | $2.66 |
| 4/26/2018 | $2.49 | $1.78 | | 6/12/2018 | $3.16 | $2.67 |
| 4/27/2018 | $2.69 | $1.87 | | 6/13/2018 | $3.15 | $2.68 |
| 4/30/2018 | $2.81 | $1.95 | | 6/14/2018 | $3.14 | $2.69 |
| 5/1/2018 | $2.88 | $2.03 | | 6/15/2018 | $2.87 | $2.70 |
| 5/2/2018 | $2.92 | $2.10 | | 6/18/2018 | $2.93 | $2.70 |
| 5/3/2018 | $3.00 | $2.16 | | 6/19/2018 | $2.80 | $2.70 |
| 5/4/2018 | $2.99 | $2.22 | | 6/20/2018 | $2.83 | $2.71 |

| Date | Closing Price | Average Closing Price between April 16, 2018 and Date Shown | | Date | Closing Price | Average Closing Price between April 16, 2018 and Date Shown |
|---|---|---|---|---|---|---|
| 5/7/2018 | $3.05 | $2.27 | | 6/21/2018 | $2.84 | $2.71 |
| 5/8/2018 | $2.99 | $2.31 | | 6/22/2018 | $2.90 | $2.71 |
| 5/9/2018 | $2.94 | $2.35 | | 6/25/2018 | $2.88 | $2.72 |
| 5/10/2018 | $2.84 | $2.37 | | 6/26/2018 | $2.88 | $2.72 |
| 5/11/2018 | $2.78 | $2.39 | | 6/27/2018 | $2.88 | $2.72 |
| 5/14/2018 | $2.59 | $2.40 | | 6/28/2018 | $2.82 | $2.72 |
| 5/15/2018 | $2.80 | $2.42 | | 6/29/2018 | $2.99 | $2.73 |
| 5/16/2018 | $2.90 | $2.44 | | 7/2/2018 | $3.21 | $2.74 |
| 5/17/2018 | $3.16 | $2.47 | | 7/3/2018 | $3.16 | $2.75 |
| 5/18/2018 | $3.07 | $2.50 | | 7/5/2018 | $3.35 | $2.76 |
| 5/21/2018 | $2.99 | $2.51 | | 7/6/2018 | $3.52 | $2.77 |
| 5/22/2018 | $2.94 | $2.53 | | 7/9/2018 | $3.59 | $2.78 |
| 5/23/2018 | $2.95 | $2.55 | | 7/10/2018 | $3.58 | $2.80 |
| 5/24/2018 | $2.85 | $2.56 | | 7/11/2018 | $3.60 | $2.81 |
| 5/25/2018 | $2.86 | $2.57 | | 7/12/2018 | $3.63 | $2.82 |
| 5/29/2018 | $2.80 | $2.57 | | 7/13/2018 | $3.61 | $2.84 |
| 5/30/2018 | $2.80 | $2.58 | | | | |

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

56.     For purposes of determining whether a claimant has a "Recognized Loss" the respective purchases, acquisitions, and sales of Celadon publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis.  If a Settlement Class Member has more than one purchase/acquisition or sale of Celadon publicly traded common stock during the Class Period, the Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

57.     Purchases/acquisitions and sales of Celadon publicly traded common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Celadon common stock during the Class Period shall not be deemed a purchase, acquisition or sale of

Celadon common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Celadon common stock unless (i) the donor or decedent purchased or otherwise acquired such Celadon common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Celadon common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

58.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the share of Celadon common stock.  The date of a "short sale" is deemed to be the date of sale of the respective Celadon common share.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on purchases/acquisitions used to cover "short sales" is zero.  In the event that a claimant has an opening short position in Celadon common stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered. In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchases or acquisitions shall be matched against such short position on a FIFO basis and not be entitled to a recovery.

59.     Option contracts to purchase or sell Celadon publicly traded common stock are not securities eligible to participate in the Settlement.  With respect to Celadon publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of the Celadon common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

60.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's share of the Net Settlement Fund.  To the extent there are

sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to his, her, or its Recognized Claim.  If, however, the sum total of Recognized Claims of all Authorized Claimants is greater than the Net Settlement Fund, each Authorized Claimant shall receive the percentage of the Net Settlement Fund that his, her, or its Recognized Claim bears to the total Recognized Claims of all Authorized Claimants, i.e., the Authorized Claimant's *pro rata* share.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

61.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

62.     Distributions to eligible Authorized Claimants will be made after claims have been processed.  After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expense, Taxes, and attorneys'' fees and expenses, if any, shall be contributed to a non-

sectarian, not-for-profit charitable organization(s) serving the public interest designated by Lead Plaintiffs and approved by the Court.

63.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Released Plaintiffs Parties or Released Defendant Parties, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiffs, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

64.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any claimant.  Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

65.     If you purchased or otherwise acquired publicly traded Celadon common stock (ISIN: ____) during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you purchased or otherwise acquired publicly traded Celadon common stock during the Class Period; or (b) request

additional copies of this Notice and the Claim Form from the Claims Administrator, which will

be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice

and Claim Form directly to all the beneficial owners of those securities.  If you choose to follow

procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A**

**STATEMENT** to the Claims Administrator confirming that the mailing was made as directed

and keep a record of the names and mailing addresses used.  You are entitled to reimbursement

from the Settlement Fund of your reasonable expenses actually incurred in connection with the

foregoing, including reimbursement of postage expense and the cost of ascertaining the names

and addresses of beneficial owners.  Those expenses will be paid upon request and submission of

appropriate supporting documentation and timely compliance with the above directives.   All

communications concerning the foregoing should be addressed to the Claims Administrator:

*Celadon Group, Inc. Securities Litigation*
c/o _____
_____
_____

Dated: _____, 2018                         BY ORDER OF THE UNITED STATES
                                              DISTRICT COURT
                                              SOUTHERN DISTRICT OF NEW YORK

# Exhibit 2

EXHIBIT A-2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CELADON GROUP, INC. SECURITIES LITIGATION | Case No. 17-cv-02828-JFK |

## PROOF OF CLAIM AND RELEASE

### A.  GENERAL INSTRUCTIONS

1.      To recover as a member of the Settlement Class based on your claims in the action entitled *In re Celadon Group, Inc. Securities Litigation,* Case No. 17-cv-02828-JFK (S.D.N.Y.) (the "Action"), you must complete and, on page _____ hereof, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3.      **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.____ NO LATER THAN _____, 2018 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, 2018, ADDRESSED AS FOLLOWS**:

*Celadon Group, Inc. Securities Litigation*
Claims Administrator
c/o _____
_____
_____
www. ____ .com

4.      If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated _____, 2018, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

### B.  CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired the publicly traded common stock of Celadon Group, Inc. ("Celadon" or the "Company") during the period from October 29, 2013 through April 13, 2018, inclusive (the "Class Period") and held the stock in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased or otherwise acquired the publicly traded common stock of Celadon during the Class Period through a third party, such as a brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Celadon publicly traded common stock that forms the basis of this claim, as well as the purchaser or acquirer of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S).

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C.  IDENTIFICATION OF TRANSACTIONS

1.      Use Part II of this form entitled "Schedule of Transactions in Celadon Publicly Traded Common Stock" to supply all required details of your transaction(s) in Celadon publicly traded common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to: (i) all of your holdings of Celadon publicly traded common stock as of the beginning of trading on October 29, 2013; (ii) all of your purchases, acquisitions, and sales of Celadon publicly traded common stock which took place at any time beginning October 29, 2013 through, and including, April 13, 2018; and (iii) all of your holdings in Celadon publicly traded common stock as of the close of trading on July 13, 2018, whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      The date of covering a "short sale" is deemed to be the date of purchase of Celadon publicly traded common stock.  The date of a "short sale" is deemed to be the date of sale of Celadon publicly traded common stock.

4.      Copies of broker confirmations or other documentation of your transactions in Celadon publicly traded common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  The Parties do not have information about your transactions in Celadon publicly traded common stock.

5.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (___) ___-____ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

MI   Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

MI   Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City

State   ZIP/Postal Code

Foreign Country (only if not USA)

Social Security Number

**OR**

Taxpayer Identification Number

Telephone Number (home)

Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

Claimant Account Type (check appropriate box):

| | | |
|---|---|---|
| Individual (includes joint owner accounts) | Pension Plan | Trust |
| Corporation | Estate | |
| IRA/401K | Other _____ (please specify) | |

## PART II – SCHEDULE OF TRANSACTIONS IN CELADON COMMON STOCK

| | Confirm Proof of |
|---|---|
| **1. HOLDINGS AS OF OPENING OF TRADING ON OCTOBER 29, 2013** – State the total number of shares of Celadon publicly traded common stock held as of the opening of trading on October 29, 2013. (Must be documented.) If none, write "zero" or "0." _____ | Position Enclosed ○ |
| **2. PURCHASES/ACQUISITIONS FROM OCTOBER 29, 2013 THROUGH APRIL 13, 2018.** Separately list each and every purchase/acquisition of Celadon publicly traded common stock from after the opening of trading on October 29, 2013 through and including the close of trading on April 13, 2018. (Must be documented.) | |

| Date of Purchase/ Acquisition (List Chronologically) | Number of Shares Purchased/ | Purchase/ Acquisition | Total Purchase/ Acquisition Price (excluding taxes, | Confirm Proof of Purchase/ Acquistion Enclosed |
|---|---|---|---|---|

| (Month/Day/Year) | Acquired | Price Per Share | commissions, and fees) | |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3.  PURCHASES/ACQUISITIONS FROM APRIL 13, 2018 THROUGH JULY 13, 2018** – State the total number of shares of Celadon publicly traded common stock purchased/acquired from after the opening of trading on April 13, 2018 through and including the close of trading on July 13, 2018. If none, write "zero" or "0."[1]  _____

| **4.  SALES FROM OCTOBER 29, 2013 THROUGH JULY 13, 2018** – Separately list each and every sale/disposition of Celadon publicly traded common stock from after the opening of trading on October 29, 2013 through and including the close of trading on July 13, 2018. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**5.  HOLDINGS AS OF** July 13, 2018 – State the total number of shares of Celadon publicly traded common stock held as of the close of trading on July 13, 2018. (Must be documented.)  If none, write "zero" or "0." _____    Confirm Proof of Position Enclosed ○

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME, AND CHECK THIS BOX:** ☐

---

[1] **Please note**:  Information requested with respect to your purchases/acquisitions of Celadon publicly traded common stock from after the opening of trading on April 13, 2018 through and including the close of trading on July 13, 2018 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

**PART III – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

**YOU MUST READ AND SIGN THE RELEASE BELOW.  FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

1.      I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated _____ (the "Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Celadon securities) if requested to do so.  I (We) have not submitted any other claim in the Action covering the same purchases or sales of Celadon publicly traded common stock during the Class Period and know of no other person having done so on my (our) behalf.

2.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Defendant Parties, both as defined in the accompanying Notice.  This release shall be of no force or effect unless and until the Court approves the Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation).

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Celadon publicly traded common stock which are the subject of this claim, as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Claim Form.

5.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
                                    (Month / Year)                (City)        (State/Country)

_____            _____
Signature of Claimant                                     Signature of Joint Claimant, if any

_____            _____
Print Name of Claimant                                    Print Name of Joint Claimant, if any

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.  Please sign the above release and acknowledgement.

2.  If this claim is being made on behalf of Joint Claimants, then both must sign.

3.  Remember to attach copies of supporting documentation, if available.

4.  **Do not send** originals of certificates.

5.  Keep a copy of your Claim Form and all supporting documentation for your records.

6.  If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

7.  If you move, please send your new address to:

    *Celadon Group, Inc. Securities Litigation*
    Claims Administrator
    c/o _____
    _____
    _____
    www._____
    (____) ___-____

8.  **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

# Exhibit 3

EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CELADON GROUP, INC. SECURITIES LITIGATION | Case No. 17-cv-02828-JFK |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED**
**SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To:** **All Persons and Entities that Purchased or Otherwise Acquired the Publicly Traded Common Stock of Celadon Group, Inc. During the Period from October 29, 2013 through April 13, 2018, Inclusive (the "Class Period"), and Were Damaged Thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the Greater Pennsylvania Carpenters' Pension Fund and the Arkansas Teacher Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Celadon Group, Inc., Bobby L. Peavler, and Paul A. Will (collectively, "Defendants") have reached a proposed settlement of the above-captioned action (the "Action") in the amount of $5,500,000 that, if approved, will resolve the Action in its entirety (the "Settlement").

A hearing will be held before the Honorable John F. Keenan of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, Courtroom 20C, at __:__ ___.m. on _____ __, 2018 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice, as provided in the Stipulation and Agreement of Settlement, dated _____, 2018; (iii) approve the proposed Plan of Allocation for distribution of the Net Settlement Fund; and (iv) approve Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing without

providing another notice.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Notice and Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by visiting the website dedicated to the Settlement, www._____.com, or by contacting the Claims Administrator at:

*Celadon Group, Inc. Securities Litigation*
Claims Administrator
c/o _____
_____
(____) ____-_____

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

Carol C. Villegas, Esq.
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
www.labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or received no later than _____ __, 2018*.  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court in the Action, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received no later than* _____ __, 2018.**  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application must be filed with the Court and mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are ***filed and received no later than* _____ __, 2018**.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2018      BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK